GAY, Respondent, *v.* FREMONT, E. & M. V. RY., Appellant.

**Railroads—Killing Stock—Sufficiency of Evidence.**

In an action against a railroad company to recover the value of a heifer killed upon the track, it appeared she was at large unattended, and came upon the track at a point where she could not have been seen by the men in charge of the engine in time to have averted the accident; that after she was seen everything possible was done to prevent the injury. *Held*, the evidence was insufficient to support a verdict in favor of the plaintiff.

(Argued October 9, 1888; reversed October 13; opinion filed February 9, 1889.)

Appeal from a judgment of the district court for Custer county entered upon a verdict in favor of the plaintiff, and from an order overruling a motion for a new trial.

The action was brought to recover the value of a heifer owned by the plaintiff, alleged to have been killed by the negligence of the defendant in running its train upon her. Upon the trial of the action in the court below the plaintiff obtained a verdict. Motion to set the verdict aside, upon the ground that it was without evidence to support it, was duly made, and denied. Judgment was duly entered for the respondent. Motion for a new

trial was made on behalf of the defendant, and denied, and from such judgment and order overruling the motion for new trial the defendant appealed to this court. The further facts material to the case are set forth in the opinion.

*J. W. Fowler,* for appellant.

The defendant is only liable for gross negligence. *Williams* v. *Northern P. R. R. Co.,* 3 Dak. 168, 14 N. W. Rep. 97; *Maynard* v. *R. R.,* 115 Mass. 460; *Locke* v. *St. Paul & Pac. R. R. Co.,* 15 Minn. 355, (Gil. 283;) *Darling* v. *R. R. Co.,* 121 Mass. 121.

The court should have granted defendant's motion for new trial, because there is no evidence that the injury was the result of the careless or negligent management of the train in question.

The only evidence of negligence was that of the killing, which raised a presumption of law, but this was rebutted by the defendant.

After this it was necessary for the plaintiff to prove that the injury was caused by the negligence of the defendant. *Spaulding* v. *R. R. Co.,* 33 Wis. 582; *Kerwhacker* v. *C. C. & C. R. R. Co.,* 3 Ohio St. 196; *Lock* v. *St. Paul & Pac. R. R. Co.,* 15 Minn. 362, (Gil. 283;) *C. H. D. R. R. Co.* v. *Waterson & K.,* 4 Ohio St. 433; *C. O. R. R. Co.* v. *Lawrence,* 13 Ohio St. 70. See, also, *Columbus, C. & I. C. R. R. Co.* v. *Froesch,* 57 Ill. 155; *Chicago & A. R. R. Co.* v. *Purvines,* 58 Ill. 38; *Metropolitan R. R. Co.* v. *More,* 121 U. S. 558, 7 Sup. Ct. Rep. 1334; *Crane* v. *Morris,* 6 Pet. 598; *Kelly* v. *Jackson,* Id. 622; *United States* v. *Wiggins,* 14 Pet. 334; *Fisher* v. *Farmers, etc.,* 21 Wis 74; 4 Ohio St. 477; *Walker* v. *Herron,* 22 Tex. 55; *Woodward* v. *Purdy,* 20 Ala. 379; Whart. Neg. §§ 883, 901; *Cent. O. R. R.* v. *Lawrence,* 13 Ohio St. 166; *N. W. & E. R.* v. *Skinner,* 19 Pa. St. 301; *Bellefountaine R. R.* v. *Bailey,* 11 Ohio St. 333; *Corwin* v. *R. R. Co.,* 13 N. Y. 42; *Shepherd* v. *Buff. R. R.,* 35 N. Y. 641; *Ind. R. R. Co.* v. *Shimer,* 17 Ind. 295; *Joliet R. R.* v. *Jones,* 20 Ill. 221; *Jeff. M. & I. R. R.* v. *Dawes,* 43 Ind. 402.

*Chauncey L. Wood,* for respondent.

No brief on file.

SPENCER, J., *(after stating the facts as above.)* The undisputed evidence in this case upon the question of the negligence of the defendant—and upon that question there was no conflict of evidence—shows that the plaintiff was the owner of a heifer, which he permitted to run at large and unattended upon lands contiguous to the railroad track of the defendant; that on or about the 15th day of July, 1886, while the defendant was running one of its trains over its railroad in the ordinary course of its business, plaintiff's said heifer came upon defendant's railroad track at a point about 50 feet in advance of the moving train, and was struck by the engine drawing such train, and killed. The animal was first discovered by the engineer in charge of the train in a narrow cut, a short distance around a curve from the direction the train was moving. The train, composed of 15 loaded freight cars, was running at the rate of from 12 to 15 miles an hour on a down grade at the time the animal was discovered on the track. The engineer and train-men were looking out for cattle, as it was usual to find them on the track in that vicinity. As soon as the animal was seen, (and the evidence is conclusive that she could not have been discovered by the train-men earlier than she was,) the engineer applied the brakes, and gave the usual signals for stopping. The whistle was also blown repeatedly for the purpose of frightening the animal from the track. Every precaution possible seems to have been taken to prevent the accident. There is no complaint or proof that the engine or train was not properly equipped, and had not all the modern facilities and appliances provided for running and controlling it; nor is there any evidence tending to show that the defendant was guilty of any negligence in the manner of running its trains, or that the engineer or train-men were incompetent to properly discharge the duties they were engaged in; or that the train could, by the exercise of any degree of care or skill, under the conditions then existing, have been

stopped before striking the animal, or the accident in any way averted. On the contrary, the evidence shows clearly that every precaution and care that could have been taken was in fact exercised to prevent the injury complained of. The evidence in the case was insufficient to support the verdict of the jury, and the motion to set the verdict aside should have been granted. *Williams* v. *Railroad Co.*, 3 Dak. 168, 14 N. W Rep. 97; *Maynard* v. *Railroad Co.*, 115 Mass. 460; *Locke* v. *Railroad Co.*, 15 Minn. 355, (Gil. 283.) The judgment appealed from must therefore be reversed, and a new trial ordered.

All the justices concurring, except THOMAS, J., not sitting.